[No. 5350.   Decided April 4, 1905.]

A. W. McINTIRE, as *Trustee of George Holcomb et al., Bankrupts, Appellant,* v. I. H. JENNINGS *et al., Respondents.*[1]

BANKRUPTCY—TRANSFER BY BANKRUPT FOUR MONTHS PRIOR TO PROCEEDINGS—ACTION BY TRUSTEE TO RECOVER PROPERTY TRANSFERRED—ASSIGNMENT FOR CREDITORS.  A trustee in bankruptcy can not recover property transferred by the bankrupt more than four months prior to the filing of the petition in bankruptcy, although the same was transferred for the benefit of creditors, and regardless of whether it was by a common law or statutory assignment; since, within the contemplation of the national bankruptcy act, only property transferred within the four months period is deemed to be under the control of the bankrupt so as to pass to the trustee in bankruptcy.

Appeal from a judgment of the superior court for King county, Morris, J., entered February 16, 1904, upon sustaining a demurrer to the complaint, dismissing an action by a trustee in bankruptcy to recover a fund transferred by the bankrupt.   Affirmed.

*Cooley & Horan, Merrick & Mills,* and *Gordon D. Eveland,* for appellant.

*Leopold M. Stern,* for respondents.

[1]Reported in 80 Pac. 278.

HADLEY, J.—This is an action to subject certain moneys to the control of a trustee in bankruptcy. In October, 1901, George Holcomb and H. W. Brace were engaged in business at Everett, Washington, as copartners, under the firm name of Holcomb Grocery Company. At the time mentioned the firm was indebted, and on the 29th day of October, 1901, the partners executed and delivered to the defendants in this action a written instrument, transferring certain described property of said firm. By the terms of the instrument, the transferees were to convert said property into cash, and, after deducting the expense of so doing, they were directed to apply the proceeds equally and ratably to all the indebtedness of said firm. By virtue of said instrument, the transferees took possession of the property transferred, and converted the same into cash, amounting to $5,650. A part of said sum has been distributed among creditors of said firm, but there remains undistributed the sum of $2,866, which said transferees are holding as trustees for the benefit of creditors of the firm.

After alleging the foregoing facts, the complaint further avers that, in the month of June, 1902, the members of said firm filed their petition in voluntary bankruptcy, and that they were thereupon adjudged bankrupts; that thereafter the plaintiff in this action was duly appointed trustee in said bankruptcy matter, and that he duly qualified as such. It is alleged that, by virtue of his said office, he is entitled to take into his possession and under his control the aforesaid $2,866; that he has demanded ·of the defendants that they surrender the same to him, but they have refused to do so. Wherefore he demands judgment against them for the amount named. The defendants demurred to the complaint, and their demurrer was sustained. The plaintiff having refused to plead further,

judgment was entered that he shall take nothing by his suit, and that he shall pay the costs. The plaintiff has appealed.

Appellant argues elaborately that there can be no common law assignment in this state, and that the aforesaid transfer was a statutory assignment, governed by our statute upon that subject. Respondents, upon the other hand, suggest that the transfer is lacking in essential elements for a statutory assignment, in that it does not state that the property transferred constituted all the property of the copartnership; that no inventory of assets was attached to it, or filed with the clerk of the superior court, as required under a statutory assignment; and that no attempt was ever made to place the property under control of the court. Respondents therefore suggest that the transfer was not a general, but was a partial, assignment. While they make these suggestions, yet they argue that, for the purposes of this case, it is immaterial whether the transfer be regarded as a common law, statutory, or partial assignment. In this view we concur. It will be observed that the complaint shows that the transfer was made to the respondents in October, 1901. The bankruptcy proceedings were not commenced until June, 1902, eight months after the transfer. We think that, without regard to whether an assignment is a common law, statutory, or partial one, a trustee in bankruptcy cannot recover property held by an assignee, when the assignment was made more than four months prior to the institution of the bankruptcy proceedings. Section 67, subd. e, of the bankruptcy act of 1898, 30 Stat. pp. 564, 565, is as follows:

"That all conveyances, transfers, assignments, or incumbrances of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this Act subsequent to the passage of this Act and within four months prior to the filing of the petition,

with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all property of the debtor conveyed, transfi rred, assigned, or encumbered as aforesaid shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors. And all conveyances, transfers, or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the state, territory, or district in which such property is situate, shall be deemed null and void under this Act against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of the creditors of the bankrupt."

Discussing the subject treated by the above section, Loveland, Law and Proceedings in Bankruptcy (1st ed.), § 13, p. 31, says:

"Proceedings, therefore, under the general assignment law of a state (not a bankrupt or insolvent law strictly so called), or under a common-law deed, are not void. The bankrupt act, however, makes a general assignment for the benefit of creditors an act of bankruptcy. If proceedings in bankruptcy are instituted within four months after such general assignment the state proceedings are necessarily superseded by those in bankruptcy. If no proceedings in bankruptcy are instituted within such time, the state court may proceed to administer the estate, and the proceedings cannot be assailed by a trustee in bankruptcy subsequently appointed, or by the creditors."

Again, in § 160, at page 304 of the same work, the author observes as follows:

"In order to avoid a transfer under this provision three things must concur. *First,* The debtor must have been adjudicated a bankrupt under the provisions of this act. *Second,* The transfer must have been made subsequent to the passage of the act and within four months prior to the filing of the petition. . . . If any of these elements are wanting the transfer cannot be avoided under this provision."

Again in the same section, at pages 306-7, it is further observed:

"An assignment for the benefit of creditors may be set aside if made within four months before the filing of the petition. But if it was made prior to that time and is valid at common law it cannot be set aside."

The following observation is made in Brandenburg on Bankruptcy (3d ed.), § 1162:

"A general assignment for the equal benefit of all creditors is void as against the trustee, if made within four months of bankruptcy, as being opposed to the policy of the bankrupt law, and the property so assigned upon the subsequent bankruptcy of the assignor vests in the trustee. If the assignment was made prior to such period, the property would not pass to the trustee."

The statements of these authorites, based upon cases which they cite, are in support of respondents' contention here. It may be well to note here that the provision in the act of 1898 in effect corresponds with § 5129 of the Revised Statutes of the United States, 1878, which was a part of the bankruptcy act of 1867. The time limit in the former act was six months, while that of the later one is four months. The principle urged by respondents here, as applied to the act of 1867, was sustained in *In re Areledge,* Fed. Cas., No. 533. See, also, *Mayer v. Hellman,* 91 U. S. 496, 23 L. Ed. 377. The authorities are to the effect that a trustee in bankruptcy takes only

such property as is lawfully under the control of the bankrupt, and that, in contemplation of the statute, property transferred by the bankrupt, even for the benefit of creditors, within four months of the institution of bankruptcy proceedings, shall be deemed to be under his control. Property so transferred prior to the four months period has, however, passed beyond his control, even for the purposes of the bankruptcy law, and the trustee in bankruptcy is not entitled to its possession.

The judgment is affirmed.

Mount, C. J., Fullerton, and Dunbar, JJ., concur.

Rudkin, Root, and Crow, JJ., took no part.